IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **BARTOLA J. PACETTI,** | } |
| Plaintiff, | } |
| v. | } Case No.: 4:09-CV-00852-RDP |
| **SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,** | } |
| Defendant. | } |

**MEMORANDUM OPINION**

This matter is before the court on Defendant's Motion to Dismiss Complaint (Doc. # 10). The matter has now been fully briefed and it ripe for decision. (Docs. # 13, 15, 16, 17, 19).

**I.    Procedural History**

Plaintiff John Pacetti filed this action against the Social Security Administration seeking an end to the garnishment of his Social Security income. This action is yet another volley in Plaintiff's seemingly unending battle to avoid paying spousal support arrearages due to his former spouse, Renate W. Pacetti, who is now deceased.

Plaintiff, John Pacetti, and Renate Pacetti initiated divorce proceedings in approximately 1988 in California. On or about December 20, 2000, the Superior Court of California, Orange County, issued a Wage and Earnings Assignment Order for Spousal Support in favor of Mrs. Pacetti which ordered Mr. Pacetti to pay support in the amount of $1,500.00 per month. (Doc. # 1, Ex. 1). On or about April 14, 2004, the Superior Court of California, Orange County issued a Wage and Earnings Assignment Order for Spousal Support Modification in favor of Mrs. Pacetti which again ordered Mr. Pacetti to pay support in the previous amount of $1,500.00 per month, but also noted

that Mr. Pacetti owed Mrs. Pacetti $222,584.00 in spousal support arrearages. (Doc. # 10, Ex. 1).

In August 2004, Mr. Pacetti filed a voluntary petition for bankruptcy protection under Chapter 7 of the Bankruptcy Code. In response to Mr. Pacetti's petition for bankruptcy, on November 30, 2004, Mrs. Pacetti filed an adversary proceeding seeking a determination that Mr. Pacetti's debts to her were not dischargable. Defendant here, the Social Security Administration ("SSA"), was added as a cross defendant in this bankruptcy action. (Bankr. N.D. Ala. Case No. 04-40515-JJR.).

In March 2005, Mr. Pacetti was notified by SSA that his income benefits were being garnished to satisfy the legal obligation he had incurred for spousal support and arrearages based upon the Wage and Earnings Assignment Order for Spousal Support from the Superior Court of California, Orange County. He was informed in that notice that if he wished to challenge the garnishment, he should "direct his appeal to the *issuing court*." (Doc. 10, Ex. 2) (emphasis added). On January 22, 2006, SSA notified Plaintiff that it was increasing the amount deducted from his retirement benefits from 60% to 65% and that, if he disagreed with this decision, he had 60 days in which to ask for an appeal.

In March 2007, Mr. Pacetti filed another adversary proceeding in the Bankruptcy Court against Mrs. Pacetti seeking a determination that his spousal support obligations were dischargeable. That court gave Mr. Pacetti the opportunity to attempt to establish that the Wage and Earnings Assignment Order for Spousal Support from the Superior Court of California, Orange County was not in fact a support order, which is not dischargeable, but was rather a part of a property settlement, which would be dischargeable. There was a trial on the merits, but Mr. Pacetti was unable to make that showing. Therefore, in January 2008, United States Bankruptcy Judge James J. Robinson issued an opinion declaring Mr. Pacetti's support obligations to Mrs. Pacetti non-dischargeable. (Bankr.

N.D. Ala. Case No. 07-40027-JJR.).

In April 2007, Mr. Pacetti filed yet another adversary proceeding in the Bankruptcy Court, this time against SSA, in which he made many of the same arguments made in this case seeking relief from the garnishment of his SSA income. On June 28, 2007, Judge Robinson dismissed Mr. Pacetti's complaint based upon SSA's Motion to Dismiss which argued (1) immunity and (2) collateral estoppel. More specifically, SSA argued in its motion that the claims at issue had already been determined in Mr. Pacetti's 2004 adversary matter in the Bankruptcy Court. (Bankr. N.D. Ala. Case No. 07-40028-JJR, Doc. # 11, 23).

**II.   Analysis**

In response to Plaintiff's claims in this case, SSA has filed another Motion to Dismiss arguing (1) immunity and (2) collateral estoppel. SSA's primary argument is that 42 U.S.C. § 659(a) not only subjects Mr. Pacetti's Social Security income to garnishment for support orders, but also provides immunity to SSA and any of its officers or employees for effectuating the garnishment. SSA cites *United States v. Morton*, 467 U.S. 822, 836 (1984) for that proposition. In *Morton*, the United States Supreme Court held that,

> The plain language of the statute [42 U.S.C. § 659(f)], its legislative history and underlying purposes, as well as the explicit regulations authorized by the statute itself, all indicate that the Government cannot be held liable for honoring a writ of garnishment which is "regular on its face" and has been issued by a court with subject-matter jurisdiction to issue such orders.

*Morton*, 467 U.S. at 836.

The Eastern District of Texas has also had an opportunity to address a similar situation. *Hutcheson v. United States*, 900 F.Supp. 49 (E.D. Tex. 1995). In *Hutcheson*, the plaintiff sued the United States over the garnishment of part of his Civil Service Annuity to satisfy alimony payments due under a divorce decree. That court's analysis was as follows:

> In 1974, Congress decided that a federal employee's compensation should be subject to legal process to satisfy the employee's obligations to provide child support or make alimony payments. To this end Congress enacted 42 U.S.C. § 659 which provides, in part:
>
>> Notwithstanding any other provision of the law (including section 407 of this title) effective January 1, 1975, moneys (the entitlement to which is based upon renumeration for employment) due from, or payable by the United States or the District of Columbia (including any agency, subdivision, or instrumentality thereof) to any individual, including members of the armed services, shall be subject, in like manner and to the same extent as if the United States or the District of Columbia were a private person, to legal process brought for the enforcement, against such individual of his legal obligations to provide child support or make alimony payments.
>
> 42 U.S.C. § 659(a).
>
> In effect, Section 659(a) waives the Government sovereign immunity with respect to enforcement of a court order for garnishment of wages to satisfy child support and/or alimony payments. *See Hexamer v. Foreness*, 981 F.2d 821, 824 n. 2 (5th Cir.1993). In 1977, however, Congress amended section 659 to provide the Government and its agents immunity from suit when acting in accordance with what appears to be a valid garnishment writ. Section 659(f) provides:
>
>> Neither the United States, any disbursing officer, nor governmental entity shall be liable with respect to any payment made from moneys due or payable from the United States to any individual pursuant to legal process regular on its face, if such payment is made in accordance with this section and the regulations issued to carry out this section.
>
> 42 U.S.C. § 659(f).
>
> The Supreme Court interpreted section 659(f) in *United States v. Morton*, 467 U.S. 822, 104 S.Ct. 2769, 81 L.Ed.2d 680 (1983). The Court held that the Government cannot be held liable for honoring a writ of garnishment which is "regular on its face" and has been issued by a court with subject matter jurisdiction to issue such orders. *Morton*, 467 U.S. at 836, 104 S.Ct. at 2777.

*Hutcheson*, 900 F.Supp. at 50-51.  The court agrees with Judge Cobb's analysis in *Hutcheson* and

it applies to bar Plaintiff's claims here.

### III. Conclusion

Mr. Pacetti has had numerous opportunities to litigate whether the 2000 and 2004 Wage and Earnings Assignment Order for Spousal Support issued by the Superior Court of California, Orange County are invalid or improper in any way, as well as whether they were dischargeable in bankruptcy. He has been unsuccessful at every turn. The court therefore finds that section 659(f) is controlling and that his current effort is barred by the immunity provided to SSA by statute. 42 U.S.C. § 659(f); *see also Morton*, 467 U.S. at 836; *Hutcheson*, 900 F.Supp. at 50-51.[1]

An order consistent with this memorandum opinion will be entered separately.

**DONE** and **ORDERED** this ___16th___ day of September, 2009.

_____
R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

---

[1] Alternatively, the court concludes that Mr. Pacetti's claims are barred by collateral estoppel. *See, e.g., Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1359 (11th Cir. 1998). This holding is made in the alternative because, although the Complaints and Motions to Dismiss in this case and in Bankr. N.D. Ala. Case No. 07-40028-JJR, raise very similar issues, the Bankruptcy Court's Order granting SSA's Motion to Dismiss in Bankr. N.D. Ala. Case No. 07-40028-JJR does not specify its reasoning or provide any particular analysis, but merely states that it is based upon "arguments of counsel, the pleadings, the evidence before the court, and the findings of fact and conclusions of law set forth on the record and incorporated herein by reference, ..." Bankr. N.D. Ala. Case No. 07-40028-JJR, Docs. # 1, 11.